IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ELIZABETH DRIDI, et al.        :     CIVIL ACTION
                               :
        v.                     :
                               :
MICHAEL CHERTOFF, SECRETARY    :
OF THE DEPARTMENT OF HOMELAND  :
SECURITY, et al.               :     NO. 05-1547


MEMORANDUM AND ORDER

McLaughlin, J.                              August 17, 2005


        Elizabeth and Mourad Dridi filed this complaint and
petition for mandamus to force the defendants to adjudicate the
petition for alien fiancé filed by Elizabeth Dridi on behalf of
Mourad Dridi on May 29, 2003.  Mr. Dridi was deported from this
country to Tunisia on or about August 1, 2001.  Since the filing
of the complaint and petition, the United States Citizenship and
Immigration Services ("USCIS") has acted upon the petition for
alien fiancé and the plaintiffs have at least two avenues of
relief they may pursue with the USCIS.  For that reason, this
complaint and petition is premature and the Court will dismiss
it.


I.   Facts

        Mourad Dridi, a native and citizen of Tunisia, entered
the United States in December of 1982 on a tourist visa.  Mr.
Dridi applied to have his tourist visa changed to a student visa,

but that request was denied.  His permission to stay in the United States expired in May 1984.

In September of 1984, Mr. Dridi married Lee Schaible, a United States citizen.  Because of his marriage, his status was adjusted to that of a lawful permanent resident on April 26, 1986.  As part of the process of adjusting his status, i.e., obtaining his "green card," Mr. Dridi certified to immigration officials that he and his wife, Ms. Schaible, were living together at the same residence.  Sometime in 1987, immigration officials initiated an investigation into the facts surrounding Mr. Dridi's marriage to Ms. Schaible and allegations that Mr. Dridi had arranged a false marriage between his friend, Hani Alayan, and Mr. Dridi's girlfriend, Louise Norman.

In May of 1988, Mourad Dridi, along with Hani Alayan, was presented with an eleven count criminal indictment that he had violated the immigration laws by entering into a marriage with Ms. Schaible whose sole purpose was to obtain lawful permanent residence for himself, and also for arranging the false marriage of Ms. Norman to Mr. Alayan for the sole purpose of obtaining a green card for Mr. Alayan.  Mr. Dridi pled guilty to four counts in the indictment in August of 1988.  He was sentenced to two years in federal prison.

Upon his release from prison, Mr. Dridi was served with a Detainer and an Order to Show Cause by the Immigration and

Naturalization Service.  The Order to Show Cause set forth the INS's charge that Mr. Dridi was deportable from the United States pursuant to Section 241(a)(4) of the Immigration and Nationality Act, 8 U.S.C. § 1251 (a)(4), on the grounds that he had been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct, i.e., making false statements about living with his wife Ms. Schaible, and arranging the fraudulent marriage between Mr. Alayan and Ms. Norman.  After a hearing before an Immigration Judge, on September 22, 1989, Mr. Dridi was ordered deported from the United States.  His appeal to the Board of Immigration Appeals (BIA) was subsequently dismissed.  Mr. Dridi continued to remain in the United States.

Mr. Dridi married Elizabeth Delaney Dridi in November of 1999.  In January of the following year, 2000, the Dridis had a son.  In July of 2000, Mr. Dridi was taken into custody by immigration officials for the purpose of carrying out his removal from the United States.  Following petitioner's detention by immigration authorities, Ms. Dridi filed an I-130 Petition for Alien Relative in September of 2000, in order to adjust Mr. Dridi's status, which would allow him to remain lawfully in the United States.

While the I-130 Petition for Alien Relative was pending, Mr. Dridi was released on bond (in February, 2001), but on June 1, 2001, he was again detained by immigration

authorities.  Counsel for Ms. Dridi filed a petition for Stay of
Removal on June 29, 2001, citing the extreme hardship that would
befall Mrs. Dridi and her infant son if Mr. Dridi was removed
from the United States.  The District Director of ICE denied the
request for a stay, and Mr. Dridi was removed to Tunisia on July
31, 2001.  Shortly before he left the country, Mr. Dridi's
divorce from Ms. Schaible was finalized, on July 23, 2001.

At the time the petitioner was removed to Tunisia, Mrs.
Dridi was pregnant with their second child.  Ms. Dridi traveled
to Tunisia to be with Mourad Dridi from September through
December, 2001, returning to the United States prior to giving
birth to the couple's second son in January, 2002.  Ms. Dridi
also visited her husband in Tunisia from May 29 to October 4,
2002.

In May of 2003, Ms. Dridi's I-130 Petition for Alien
Relative was denied because there had been no response received
to a request from the U.S. Citizenship and Immigration Services
(USCIS) for proof of a valid divorce of Mourad Dridi from Lee
Schaible.  Following the denial of the I-130 on May 9, 2003, Ms.
Dridi then sought to refile a Petition for Alien Fiancé, Form I-
129F, that would allow Mr. Dridi to seek a visa for entry into
this country.  This I-129F Petition was filed on or about May 29,
2003.

4

Prior to the filing of this Complaint and Petition for Writ of Mandamus, the plaintiffs' I-129F Petition had not been processed (either approved or denied) by USCIS.  Subsequent to the filing of the Complaint, USCIS approved the I-129F Petition on April 13, 2005.  USCIS, however, is now of the view that the petition was improvidently granted, because the plaintiffs are in fact married under Pennsylvania law, and an I-129F Petition was not properly issued for an alien spouse (vs. an alien fiance).  Counsel for USCIS and the Assistant United States Attorney assigned to this case have spoken with Mr. Hohenstein, counsel for the plaintiffs, about this matter.  USCIS counsel explained to Mr. Hohenstein that there was a problem with the issuance of the I-129F, because the law and facts indicated that the petitioners are married, and offered a resolution of the matter that would involve withdrawal of the I-129F, and having Ms. Dridi file an I-130F for an Alien Spouse.  By letter dated April 25, 2005, Mr. Hohenstein declined to withdraw the I-129F and file an I-130 and a new I-129F.

Based on Mr. Hohenstein's position, USCIS notified Mr. Hohenstein that the approved I-129F was under review, and would not be forwarded to the National Visa Center.  By letter dated June 9, 2005, Mr. Hohenstein was notified that the USCIS was moving to reopen and reconsider its approval of the I-129F for the reasons set forth in USCIS's counsel's telephone call with

5

Mr. Hohenstein, i.e., that the Dridis are legally married, and that in order for the I-129F for a spouse to be granted, there needs to be an I-130 pending.

II.     Discussion

        The plaintiffs have brought their complaint and petition pursuant to 5 U.S.C. § 706(2) of the Administrative Procedures Act ("APA"), which allows an action by a person suffering a legal wrong because of a final agency action, and pursuant to 28 U.S.C. § 1361, which provides for writs of mandamus to compel an officer or employee of the United States to perform a duty owed to the plaintiff.  The agency action complained of is the failure of the USCIS to adjudicate the I-129F Petition for Alien Fiancé for a period of almost two years, which is alleged to amount to a constructive denial of the petition.

        The APA allows for judicial review of agency action or inaction if it is a "final agency action for which there is no other adequate remedy in a court."  5 U.S.C. § 704. The APA review procedures are inapplicable here because there has been no final agency action and no exhaustion of administrative remedies.  There has been no final determination with respect to the I-129F.

Since the filing of the complaint and petition, the I-129F Petition was granted and then that decision was reversed. The plaintiffs currently have two options before the USCIS. They can prove that they are not married and that the I-129F Petition was properly granted, or they can withdraw the I-129F Petition and refile it with an I-130. Under these circumstances, the case is premature.

Nor does this situation present the extraordinary circumstances that would be necessary for a writ of mandamus to issue. Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980). To the extent that the plaintiffs are seeking action on the I-129F Petition, that action has been taken. Moreover, there does not appear to be a particular time frame for ruling on the I-129F petition that could support a finding that there is or was a failure to perform a duty owed to the plaintiffs. Courts that have ruled on similar questions have consistently held that the actions of immigration authorities with respect to the timeliness of decisions on immigration petitions are discretionary not mandatory, and, therefore, not subject to a mandamus petition. See, e.g., Aguirre v. Rios, 276 F. Supp. 2d 1995 (D. Kan. 2003); Asare v. Ferro, 999 F.Supp. 657 (D. Md. 1998); Robertson v. Attorney General of the United States, 957 F. Supp. 1035 (N.D. Ill. 1997); Rahman v. McElroy, 884 F. Supp. 782 (S.D.N.Y. 1995).

An appropriate order follows.

7

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ELIZABETH DRIDI, et al.          :     CIVIL ACTION
                                 :
              v.                 :
                                 :
MICHAEL CHERTOFF, SECRETARY      :
OF THE DEPARTMENT OF HOMELAND    :
SECURITY, et al.                 :     NO. 05-1547


<u>ORDER</u>


        AND NOW, this 17th day of August, 2005, upon

consideration of plaintiffs' Complaint and Petition for Writ of

Mandamus (Docket No. 1), Federal defendants' Response/Answer to

Complaint and Petition for Writ of Mandamus, plaintiffs' Reply

and Request for Conference, plaintiffs' Supplemental Submission,

Federal defendants' response to plaintiff's Supplemental

Submission, and hearing on July 1, 2005, IT IS HEREBY ORDERED

that the Complaint and Petition is dismissed for the reasons

stated in a memorandum of today's date.


                        BY THE COURT:


                        /s/ Mary A. McLaughlin
                        MARY A. McLAUGHLIN, J.